```
              IN THE UNITED STATES DISTRICT COURT
           FOR THE EASTERN DISTRICT OF PENNSYLVANIA
```

| | | |
|---|---|---|
| MICHAEL ANDREWS, | : | CIVIL ACTION |
| | : | NO. 11-7731 |
| Plaintiff, | : | |
| | : | |
| v. | : | |
| | : | |
| GERALD ROZUM, et al., | : | |
| | : | |
| Defendants. | : | |

M E M O R A N D U M

EDUARDO C. ROBRENO, J.                                JULY 30, 2013

Petitioner Michael Andrews ("Petitioner") filed this Petition for Writ of Habeas Corpus ("Habeas Petition") pursuant to 28 U.S.C. § 2254. Petitioner is currently incarcerated in the State Correctional Institution in Somerset, Pennsylvania. Consistent with U.S. Magistrate Judge Linda K. Caracappa's Report and Recommendation, the Court will dismiss the instant petition as untimely.

I.      **BACKGROUND AND PROCEDURAL HISTORY**

On November 22, 2000, Petitioner was convicted in the Philadelphia County Court of Common Pleas of second degree murder, robbery, and possessing instruments of crime. R&R 1. Petitioner appealed that decision, and his appeal was dismissed on March 28, 2002 for failure to file a brief. Id. at 2. He

then filed a petition to have his appellate rights reinstated nunc pro tunc pursuant to Pennsylvania's Post Conviction Relief Act ("PCRA").  Id.  The PCRA court granted the petition.  Id.

On March 22, 2004, the Pennsylvania Superior Court affirmed Petitioner's sentence.  Id.  On March 1, 2005,[1] Petitioner filed a second PCRA petition.  Id.  The PCRA court dismissed that petition on April 11, 2006.  Id.  Petitioner requested that his counsel appeal the PCRA court's decision; however, counsel failed to do so.  Id.  More than a year later, after Petitioner wrote several letters to the court, it ordered counsel to file a notice of appeal nunc pro tunc.  Id.  Counsel did so, and the PCRA court denied the appeal as untimely on January 8, 2007.  Id.  Petitioner and counsel both appealed that denial, but the appeals were dismissed for failure to file a docketing statement.  Id.

Petitioner then filed a third PCRA petition.  Id. Upon agreement of the parties, on April 5, 2010, the PCRA court reinstated Petitioner's appellate rights from his April 11, 2006 PCRA petition dismissal (which his attorney failed to appeal despite Petitioner's requests).  Id. at 3.  However, a month

---

[1] The Clerk of Court noted on the docket that Petitioner filed his second PCRA petition on February 29, 2005; however, because 2005 was not a leap year, the petition could not have been filed on that date.  Therefore, for the purposes of the instant petition, the Court will consider that PCRA petition as filed on March 1, 2005.

2

later, the PCRA court found that it was error to grant reinstatement of Petitioner's appellate rights and that Petitioner's third PCRA petition was untimely. Id. Petitioner appealed that decision to the Superior Court, which denied his appeal as untimely on June 10, 2011. Id. On November 14, 2011, the Pennsylvania Supreme Court denied Petitioner's petition for allowance of appeal. Id.

On December 19, 2011, Petitioner filed the instant Petition for Writ of Habeas Corpus. Id. Since that date, he has filed a fourth PCRA petition, which the PCRA court noted that it intended to dismiss. State Court Docket, at 13. Nevertheless, Petitioner recently amended the petition, and it is still awaiting disposition in the PCRA court. Id. On February 19, 2013, Petitioner filed a motion for a stay and abeyance in this case while his PCRA petition is pending. ECF No. 27.

**II.     LEGAL STANDARD**

The district court may refer an application for a writ of habeas corpus to a U.S. Magistrate Judge for a report and recommendation. Section 2254 R. 10; see also 28 U.S.C. § 636(b)(1)(B) (2006 & Supp. V 2011). Parties may object to the magistrate judge's report and recommendation within fourteen days after being served with a copy thereof. See 28 U.S.C.

§ 636(b)(1); E.D. Pa. R. 72.1(IV)(b). The Court must then "make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made." 28 U.S.C. § 636(b)(1). The Court does not review general objections. See Brown v. Astrue, 649 F.3d 193, 195 (3d Cir. 2011) ("We have provided that § 636(b)(1) requires district courts to review such objections de novo unless the objection is not timely or not specific." (internal quotation marks omitted)). The Court "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." Id. Therefore, the Court will conduct a de novo review of those portions of the Report and Recommendation to which the parties object.

On habeas review, the Court must determine whether the state court's adjudication of the claims raised was (1) contrary to, or an unreasonable application of, clearly established federal law, or (2) based on an unreasonable determination of the facts in light of the evidence presented. See 28 U.S.C. § 2254(d) (2006).

**III.    DISCUSSION**

The Report and Recommendation ("R&R") prepared by Magistrate Judge Caracappa recommends that the Court dismiss Petitioner's instant habeas petition as untimely. Petitioner

4

raises several objections to the R&R. Although he has raised his objections in the form of a Motion to Alter Judgment instead of in a formal list of objections, the Court will construe the arguments in the motion as objections to the R&R.

Specifically, Petitioner argues that the AEDPA's one-year limitations period should be equitably tolled because his trial counsel and PCRA counsel abandoned him, leaving him unable to properly pursue habeas relief. In his motion, Petitioner raises three primary arguments: (1) ineffective assistance of PCRA counsel in failing to raise issues on appeal; (2) ineffective assistance of PCRA counsel in failing to file an appeal after Petitioner's request; and (3) that Petitioner is entitled to a new trial as a result of destroyed evidence. Because Petitioner's arguments deal primarily with the merits of his claims and not with the procedural grounds on which Magistrate Judge Caracappa based the R&R, the Court will consider them only to the extent that they affect those procedural issues.

A. Exhaustion Requirements

Petitioner is required to exhaust his remedies in state court before the Court can grant his federal habeas petition. § 2254(b)(1)(A). "An applicant shall not be deemed to have exhausted the remedies available in the courts of the

State, within the meaning of this section, if he has the right under the law of the State to raise, by any available procedure, the question presented." Id. § 2254(c).

State court judgments become final "at the conclusion of direct review, including discretionary review in the Supreme Court of the United States and the Supreme Court of Pennsylvania, or at the expiration of time for seeking the review." 42 Pa. C.S.A. § 9545(b)(3) (West 2013). When a petitioner does not pursue appeals through the United States Supreme Court, his judgment becomes final after the time for pursuing direct review in either the Supreme Court or in state court expires. Gonzales v. Thaler, 132 S. Ct. 641, 653-54 (2012). Where a petitioner does not pursue appeals to the Pennsylvania Supreme Court, judgment is considered final for PCRA purposes after the time for filing such an appeal expires. Commonwealth v. Barrett, 761 A.2d 145 (Pa. Super. 2000). A petitioner has thirty days in which to appeal a Superior Court judgment to the Pennsylvania Supreme Court. Pa. R.A.P. 1113(a).

Here, Petitioner's state court judgment became final on April 21, 2004, thirty days after the date on which the Superior Court affirmed his sentence. The Court must next consider whether Petitioner's subsequent filings were timely in light of the date on which his state court judgment became final.

6

B. Statutory Tolling

Petitioner was required to exhaust his claims by bringing them pursuant to Pennsylvania's Post Conviction Relief Act after his state court judgment became final. A petitioner raising claims pursuant to the PCRA must file all PCRA claims within one year of the date on which his state court judgment became final. § 9545(b). The AEDPA's one-year limitations period is tolled while a petitioner's timely post-conviction or collateral review is pending in state court.[2] See 28 U.S.C. § 2244(d)(2); Fahy v. Horn, 240 F.3d 239, 243 (3d Cir. 2001).

Here, Petitioner was required to file any PCRA petitions by April 21, 2005. Petitioner filed his second PCRA petition, pro se, on March 1, 2005.[3] At the time Petitioner filed that petition, 314 days of the AEDPA's one-year limitations period had lapsed. Therefore, Petitioner had 51

---

[2] There are three exceptions to this time bar discussed in § 9545(b)(1). However, in order to qualify for an exception, a petitioner must file a motion pleading such an exception within sixty days of the expiration of the time to file a PCRA petition. § 9545(b)(2). Petitioner did not file such a motion; therefore, none of the exceptions applies.

[3] See note 1. Although Petitioner filed a PCRA petition prior to the one discussed here, that petition was no longer pending when Petitioner's state court judgment became final. Therefore, the AEDPA's one-year limitations period was not tolled between the time the state court judgment became final and the date on which Petitioner filed his second timely PCRA petition.

7

days in which to file a habeas petition remaining at the time he filed his second PCRA petition.

The PCRA court dismissed Petitioner's second PCRA petition on April 11, 2006. Despite Petitioner's requests, counsel did not appeal the PCRA court's decision. As noted in the R&R, Petitioner's judgment became final on May 11, 2006, thirty days after the PCRA court entered judgment. Therefore, pursuant to the AEDPA, and consistent with Magistrate Judge Caracappa's finding in the R&R, Petitioner was required to file any habeas petition by July 3, 2006, 51 days after his PCRA judgment became final. Petitioner did not file his instant petition until December 19, 2011; therefore, it is untimely.

### C. Equitable Tolling

Petitioner argues that even if he does not qualify for statutory tolling, he is entitled to equitable tolling because his attorney abandoned him. The AEDPA's one-year limitations period is subject to equitable tolling. Holland v. Florida, 130 S. Ct. 2549, 2560 (2010); see also Alicia v. Karestas, Civ. A. No. 07-03183, 2008 WL 4108056, at *3 (E.D. Pa. Aug. 28, 2008) (Robreno, J.) (citing Miller v. N.J. State Dep't of Corr., 145 F.3d 616, 618 (3d Cir. 1998)). A petitioner qualifies for equitable tolling only if he is able to prove: "'(1) that he has been pursuing his rights diligently, and (2) that some

8

extraordinary circumstance stood in his way' and prevented timely filing." Holland, 130 S. Ct. at 2562 (citing Pace v. DiGuglielmo, 544 U.S. 408, 418 (2005)). Attorney abandonment can qualify as an extraordinary circumstance when a petitioner has no way of knowing about his inability to comply with the procedural rule that led to his default. Maples v. Thomas, 132 S.Ct. 912, 916 (2012); see also Downey v. Gavin, Civ. A. No. 11-4507, 2012 WL 252832, at *1, n. 1 (E.D. Pa. Jan. 27, 2012) (Robreno, J.). The Third Circuit has held that equitable tolling is appropriate only in limited circumstances:

> [E]quitable tolling "may be appropriate if (1) the [attorney] has actively misled the plaintiff, (2) if the plaintiff has 'in some extraordinary way' been prevented from asserting his rights, or (3) if the plaintiff has timely asserted his rights mistakenly in the wrong forum." In Seitzinger v. Reading Hosp. & Med. Ctr., 165 F.3d 236 (3d Cir. 1999), we recently held that "equitable tolling may be appropriate [in a Title VII action] when a claimant received inadequate notice of her right to file suit, where a motion for appointment of counsel is pending, or where the court has misled the plaintiff into believing that she had done everything required of her."

Jones v. Morton, 195 F.3d 153, 159 (3d Cir. 1999) (quoting United States v. Midgley, 142 F.3d 174, 179 (3d Cir. 1998)) (applying the factors discussed above in consideration of whether a habeas petitioner is entitled to equitable tolling).

Here, Petitioner does not demonstrate any of the four factors outlined in Jones, and he cannot prove that he has

9

pursued his rights diligently throughout his appeals. Although Petitioner did pursue his rights diligently through early 2007, he was aware that he did not file the required docketing statement in his PCRA appeals. Petitioner was notified that his counsel had not filed the docketing statement; the PCRA court also instructed Petitioner that he must file the docketing statement himself in order to avoid dismissal. ECF No. 14-7. Petitioner points to no evidence showing that he attempted to file the docketing statement or that he was somehow prevented from doing so. His appeals were dismissed based on his own procedural omission and not due to an extraordinary circumstance such as abandonment of counsel. Therefore, Petitioner does not qualify for equitable tolling, and the Court will dismiss his petition as untimely.

### D. Stay and Abeyance

Petitioner recently moved for a stay and abeyance due to his pending PCRA petition. ECF No. 27. "AEDPA does not deprive district courts of the authority to issue stays that are a proper exercise of their discretion, but it does circumscribe that discretion." Rhines, 544 U.S. at 270. A petitioner must meet three criteria in order to receive a stay and abeyance: "good cause, potentially meritorious claims, and a lack of intentionally dilatory litigation tactics." Heleva v. Brooks, 581 F.3d 187, 192 (3d Cir. 2009) (citing Rhines, 544 U.S. at

278).

Here, Petitioner cannot show either good cause for his procedural default (as discussed above) or that he has potentially meritorious claims. The PCRA court has indicated its intention to dismiss Petitioner's claim as untimely. Petitioner was required to file all PCRA petitions by April 21, 2005; he filed the pending Petition years after that date. Petitioner does not qualify for a stay and abeyance, and so the Court will deny his motion.

**IV.    CERTIFICATE OF APPEALABILITY**

The Court will not issue a Certificate of Appealability because Petitioner has not made a substantial showing of the denial of his constitutional rights. See Slack v. McDaniel, 529 U.S. 473, 484 (2000).

**V.    CONCLUSION**

For the foregoing reasons, and consistent with the R&R before the Court, the Court will deny and dismiss the Petition for Writ of Habeas Corpus with prejudice. Furthermore, the Court will dismiss Petitioner's motion for stay and abeyance. The Court will not issue a Certificate of Appealability. An appropriate order will follow.